Argued March 7, reversed and remanded March 25, 1919.

## CHAPLER *v.* ALLEN. .

### (179 Pac. 484.)

**Vendor and Purchaser—Deficiency in Quantity of Land—Pleading.**

1.  Where a complaint gave legal description of lands bought and alleged that tract did not contain .86 acres as agreed, and by simple mathematical computation the area as described in the complaint disclosed an area of .86 of an acre, the complaint did not state a cause of action for a recovery on account of a deficiency.

[As to remedy of vendee in case of deficiency in quality or quantity of land, see note in **Ann. Cas.** 1915D, 1108.]

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

This is an equitable proceeding, wherein the complaint alleges that on January 26, 1913, plaintiff entered into a contract with one C. W. Brasher for the purchase of a tract of land described as follows:

"Beginning at the north corner of Lot One of the Ewald Fruit Farms in township 8 south, range 3, west of the Willamette Meridian, Marion county, Oregon; thence south 32 degrees 45 minutes east 4.64 chains along the east line of Lot No. 1; thence west 4.43 chains to the west line of Lot No. 1; thence north 26 degrees 15 minutes east 4.35 chains to the place of beginning and containing .86 acres of land."

The terms of payment are set out, and the agreement that upon compliance therewith, Brasher was to execute and deliver to plaintiff a good and sufficient deed of conveyance of the land, free from all encumbrances. Then follow these averments:

"That in order to induce said plaintiff to enter into said contract, the said C. W. Brasher represented that said premises mentioned and described above contained .86 of an acre of land, which representation was relied upon by plaintiff and was the inducing cause that procured plaintiff's signature to said contract, and said

representation that said premises contained .86 of an acre of land was a part of the consideration for the execution of said contract, and the purchase price of said premises was based upon said representation and statement that said premises contained said area.

"That said premises mentioned and described herein do not contain .86 of an acre of land, or any other greater area than .50 of an acre of land, which shortage, however, was not discovered by plaintiff until late in the year 1916."

There are allegations of the conveyance of the land, by Brasher to defendant, subject to the plaintiff's contract of purchase, and that plaintiff has paid more than the entire purchase price, based upon the area actually contained therein, as compared with the entire purchase price based upon the represented area, and the pleading concludes thus:

"That immediately upon the discovery of the shortage in the area of the premises mentioned and described above, plaintiff herein demanded of defendant that said defendant convey said premises to plaintiff in consideration of the payments which had already been made, or repay to plaintiff the amount of money which said plaintiff had paid upon the purchase price of said premises, including the principal sum, interest and taxes, but said defendant failed, neglected and refused, and does now fail, neglect and refuse to either convey said premises, rebate the purchase price or to repay to plaintiff the amount of money which said plaintiff has paid upon the purchase price of said premises."

The relief asked is, that defendant be required to convey the land actually included within the boundaries described, without further payment, or for a rescission of the contract.

The answer admits the execution of the contract, the payments alleged to have been made by plaintiff, and the conveyance to defendant, subject to the terms of

the contract. Every other averment is denied. Then follow the affirmative allegations appropriate to a suit for strict foreclosure of the contract for an alleged breach of its terms.

The reply is a general denial. A trial being had, there was a decree for plaintiff, and defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Smith & Shields,* with oral arguments by *Mr. Guy O. Smith* and *Mr. Roy F. Shields.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

BENSON, J.—Defendant insists that the complaint does not allege any facts entitling the plaintiff to any relief whatever, and we are compelled to agree with this contention. When shorn of its formality of statement, the pleading in effect says:

"I entered into a contract with defendant's grantor, whereby I agreed to purchase, and he agreed to sell to me, a certain tract of land, containing .86 acres. The tract does not contain .86 acres, or more than .50 acres, and therefore, I want the purchase price rebated in proportion to the deficiency of the area."

It is conceded by the plaintiff that a simple mathematical computation of the area as described in the complaint discloses an area of .86 of an acre. This being true, the pleading, in itself, negatives the only ground upon which any right to relief is founded.

The evidence introduced by plaintiff upon the trial tends to prove that the tract of land involved herein, consists of a triangle, having its apex at the north end, where two public roads converge; that before he entered into the contract, the boundaries were pointed

out to him by Brasher's agent, and as so indicated, they did not include any portion of the converging highways, but that the description in the contract includes the land to the center of each of such roads.   There is nothing in the pleadings which would make evidence of this character admissible or relevant.   The plaintiff may have a good cause of suit, but he has not pleaded it, and therefore it is not before us upon the record.

We conclude that the decree must be reversed, and the cause will be remanded with permission to the plaintiff to apply to the lower court for leave to amend his complaint, and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.